UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| THOMAS H. YOUNG II ) | |
| ) | |
| *Plaintiff*, ) | |
| ) | |
| v. ) | 3:05-cv-581 |
| ) | *Phillips* |
| ) | |
| MORGAN COUNTY, TENNESSEE, ) | |
| et al. ) | |
| ) | |
| *Defendants*. ) | |

## **MEMORANDUM**

This is a civil rights action pursuant to 42 U.S.C. § 1983; plaintiff is represented by counsel. The matter is before the court on the motion for summary judgment filed by the defendants and plaintiff's response thereto. For the following reasons, the court finds this action should be **DISMISSED WITHOUT PREJUDICE**, for failure to exhaust administrative remedies, and the defendants' motion for summary judgment [Court File No. 24] will be **GRANTED** to that extent.

Plaintiff's complaint concerns an alleged assault and denial of medical care by jail officials on December 25, 2004, during his confinement in the Morgan County Detention Facility. According to plaintiff, he was placed in solitary confinement after the assault and

then transferred to the Scott County Jail on January 14, 2005, where he finally received medical treatment. The defendants are Morgan County, Tennessee, Sheriff Bobby Gibson, and Deputies Luke Bowman, Benny Davis, and John Kuccia. Plaintiff seeks compensatory and punitive damages. The defendants move for summary judgment on several grounds, including plaintiff's failure to exhaust administrative remedies

Pursuant to the Prison Litigation Reform Act (PLRA), before a prisoner may bring a civil rights action pursuant to 42 U.S.C. §1983, he must exhaust all available administrative remedies. 42 U.S.C. §1997e; *Porter v. Nussle*, 534 U.S. 516 (2002). The exhaustion requirement of the PLRA is one of "proper exhaustion." *Woodford v. Ngo*, 126 S. Ct. 2378, 2387 (2006). This means the prisoner plaintiff must have completed "the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." *Id*. at 2384.

As the Supreme Court has recently noted, "[t]here is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." *Jones v. Bock*, 127 S. Ct. 910, 918-19 (2007). Nevertheless, the *Jones* Court also held "that failure to exhaust is an affirmative defense under the PLRA and that inmates are not required to specially plead or demonstrate exhaustion in their complaints." *Id*. at 921.

The defendants allege, as an affirmative defense, that plaintiff failed to exhaust his administrative remedies. According to the defendants, plaintiff failed to file any grievances pursuant to the jail's grievance policy. In response to the motion for summary judgment, plaintiff has submitted his affidavit in which he states the following: "Before I was

transferred to Scott County jail, I filed two grievances about the lack of medical attention and being placed in solitary confinement." [Court File No. 31, Plaintiff's Response to Defendants' Motion for Summary Judgment, Attachment 2, Affidavit of Thomas Young, p. 3, ¶ 18].

Plaintiff has not provided the court with copies of the grievances he filed nor does he state the outcome of the grievances. In addition, plaintiff does not claim to have filed a grievance concerning the alleged assault by prison officials. Under the circumstances, the court finds that plaintiff's complaint must be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust administrative remedies. According, the defendants' motion for summary judgment will be **GRANTED** to that extent.

**AN APPROPRIATE ORDER WILL ENTER.**

s/ Thomas W. Phillips  
United States District Judge